UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

VERONICA JULIANO,

                Plaintiff,

     -against-

CITIGROUP,

                Defendant.

----------------------------------------------------X

**REPORT & RECOMMENDATION**
**09 CV 1692 (RRM)(LB)**

**BLOOM, United States Magistrate Judge:**

       This pro se case was removed to this Court on April 24, 2009 and referred to me for all

pretrial purposes.  In accordance with 28 U.S.C. §636(b)(1)(B), it is respectfully recommended

that this case be remanded to state court for further proceedings.[1]


### BACKGROUND

       Plaintiff commenced this action in Civil Court of the City of New York, Small Claims

Part, Queens County on May 13, 2009 by filing a Notice of Claim and Summons to Appear.

(Notice of Removal at 6; docket entry 1.)  The Notice of Claim seeks judgment for "monies

arising out of a breach of contract and failure to pay insurance claims [and a] long term disability

claim . . . on March 28, 2009."  (Id.)  On April 24, 2009, Metropolitan Life Insurance Company

("MetLife"), filed a notice of removal on the basis of federal question jurisdiction, and states in

the notice of removal that MetLife was incorrectly sued as Citigroup[2] and that Citigroup had

---

[1] See Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008) ("a remand order is the functional
equivalent of an order to dismiss" and thus is "dispositive . . . and can only be entered by district courts." (citation
omitted)).

[2] The notice of removal states plaintiff's disability insurance plan is sponsored by Citigroup and insured by
MetLife.

forwarded MetLife a copy of the Summons with Notice of Claim. (Id. at 2.) In its notice of removal, MetLife states that plaintiff's claims are preempted by the Employment Retirement Income and Security Act of 1974, 29 U.S.C. §1001, et. seq., ("ERISA"). Plaintiff filed "Amended Claims" ("Amended Complaint") on May 26, 2009.[3] Plaintiff's amended complaint raises a number of claims solely against Citigroup, including negligence, retaliation, breach of fiduciary duty, and wrongful termination without notice or severance, which resulted in plaintiff suffering breakdowns and disabilities. (See Amended Complaint.)

The Court held an initial conference on May 26, 2009, within thirty (30) days of the filing of the notice of removal. (See Initial Conference Transcript, May 26, 2009.) During the conference, the Court raised a number of issues, but most importantly that the case could not be removed by MetLife as MetLife was not a named defendant. (Tr. 5) The Court stated that it would recommend remand. (Tr. 10, 11.) On May 28, 2009, counsel for defendant Citigroup filed a notice of appearance and a memorandum regarding subject matter jurisdiction. (Docket entries 8, 9.) By letter dated May 27, 2009, plaintiff acknowledged the Court's decision to remand the case and requested that her case "be sent directly to the proper court." (Plaintiff's letter dated May 27, 2009.)


## DISCUSSION

Pursuant to 28 U.S.C. §1446 (b) "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise,

---

[3] Plaintiff commenced this action by summons with notice of claim pursuant to New York Civil Practice Law and Rules §304, which allows the commencement of an action "by filing a summons and complaint or summons with notice." N.Y. C.P.L.R. § 304. As pro se plaintiff had not filed a complaint in the underlying state court proceeding, the Court construed plaintiff's "amended claims," filed on May 26, 2009, as plaintiff's "amended complaint" without requiring a motion. See U.S.E. Productions, Ltd. v. Marvel Enterprises, Inc. 314 F.Supp.2d 213, 215 (S.D.N.Y. 2004) (when a plaintiff commences an action by summons with notice "the plaintiff must eventually file a formal complaint for the lawsuit to go forward.")

of a copy of the initial pleading[4] setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

"[S]tatutory procedures for removal are to be strictly construed." In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 488 F.3d 112, 124 (2d Cir. 2007) (citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)). "Out of respect for the limited jurisdiction of the federal courts and the rights of states, we must 'resolv[e] any doubts against removability.'" Id. (citing Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)). Furthermore, "the deference accorded pro se litigants requires that this Court take care to ensure that plaintiff remains 'master of his claim' and to advance 'the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand.'" Cadet v. New York City Police Dept., No. 05 Civ. 3384 (CBA), 2005 WL 2077279 at *4 (E.D.N.Y. August 29, 2005) (citing Miller v. First Security Investments, Inc., 30 F.Supp.2d 347, 350 (E.D.N.Y. 1998) (internal quotations and citations omitted)).

MetLife filed the purported notice of removal on April 24, 2009. However, this "notice" should be treated as a nullity as MetLife is not a named defendant. See Cadet v. New York City Police Dept., 2005 WL 2077279 at *1 (E.D.N.Y. August 29, 2005) ("only a defendant can remove a case to federal court"); see also Angello v. St. Augustine Center, Inc., No. 06 Civ. 0838E (Sc), 2006 WL 3827418, 2 (W.D.N.Y. December 27, 2006) (removal by United States was improper as the United States is not a named defendant). It is absurd to think that a non-party could remove an action. 28 U.S.C. §1446(a) clearly states, "A defendant or defendants

---

[4] A summons with notice under New York law "may constitute an initial pleading for purposes of the federal removal statute" where the defendant is able to "intelligently ascertain" removability from the face of the summons. Whitaker v. American Telecasting, Inc., 261 F.3d 196, 204 (2d Cir. 2001).

desiring to remove any civil action." MetLife is not a defendant and cannot remove the action based on their recitation of the phrase "incorrectly sued herein as." The Court also notes that the notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. It is hard to fathom that an attorney signed the notice of removal herein.

Citigroup, the named defendant, could have removed the action and MetLife could have moved to intervene as the proper party in interest. But that is not what happened here. Instead, on May 28, 2009, more than thirty (30) days after the service of the pleading,[5] Citigroup filed a notice of appearance and a memorandum "respectfully requesting that this matter not be remanded to State Court or otherwise dismissed for lack of subject matter jurisdiction." (See docket entry 9.) However, defendant's filing of a notice of appearance and memorandum more than thirty (30) days after the service of the state pleading does not cure the defect herein. Defendant did not comply with the removal statute. "There is general agreement among the courts that '[a]ll the defendants must join in seeking removal' from state court." Bill Wolf Petroleum Corp. v. Village of Port Washington North, 489 F.Supp.2d 203, 207 (E.D.N.Y. 2007) (citing Dunlop v. City of New York, No. 06 Civ. 433(KMK), 2006 WL 2853972, at *2 (S.D.N.Y. Oct. 4, 2006) (internal citations omitted)). "There are exceptions to this rule for defendants who have not been served, unknown defendants, and fraudulently joined defendants." Sherman v. A.J. Pegno Constr. Corp., 528 F.Supp.2d 320, 330 (S.D.N.Y. 2007) (citing Varela v. Flintlock Constr., Inc., 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001)). However, defendant does not fit any exception to the rule.

---

[5] While MetLife, in its notice of removal, does not specify when Citigroup received plaintiff's pleading, the notice of removal attached a certified mail receipt dated April 6, 2009 and addressed to Citigroup. (Notice of Removal at 11.) Allowing three days for mail, the summons and notice was received by defendant Citigroup on or about April 9, 2009. See Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996) ("[n]ormally it is assumed that a mailed document is received three days after its mailing); Fed. R. Civ. P. 6(e). Citigroup's opportunity to properly remove the action therefore expired on May 9, 2009.

# CONCLUSION

Accordingly, it is respectfully recommended pursuant to 28 U.S.C. §636(b)(1)(B) that MetLife's notice of removal should be treated as a nullity and this action should be remanded to state court.

# FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: June 2, 2009
     Brooklyn, New York