UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VERONICA JULIANO,

                Plaintiff,

- against -                                  MEMORANDUM & ORDER
                                                    09-CV-1692 (RRM) (LB)
CITIGROUP,

                Defendant.
-----------------------------------------------------------X
MAUSKOPF, United States District Judge.

By Notice of Claim and Summons dated March 31, 2009, Veronica Juliano ("Juliano") commenced this action against Citigroup in the Civil Court of the City of New York, Small Claims Part, in Jamaica, Queens. On April 24, 2009, attorneys for non-party Metropolitan Life Insurance Company ("MetLife") filed a Notice of Removal, purporting to remove the action to this Court pursuant to 28 U.S.C. § 1446(b). On June 2, 2009, Magistrate Judge Lois Bloom issued a Report and Recommendation (the "R&R") recommending that the action be remanded to state court. Both Citigroup and MetLife filed objections to Judge Bloom's R&R on June 11, 2009. For the reasons that follow, this Court concurs with Judge Bloom's recommendation that this action be remanded. Because the Court lacks subject matter jurisdiction over this action, it is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

The Court assumes the parties' familiarity with the factual background and procedural history of this case and will not recount them here. The crux of Judge Bloom's R&R was her conclusion that the Notice of Removal in this case "should be treated as a nullity" because it was filed by MetLife, a non-party to the Small Claims Court action. (*See* R&R (Docket No. 11) at 3.) Because a 28 U.S.C. § 1447 remand order is considered "dispositive" for purposes of 28 U.S.C. §

1

636 and Federal Rule of Civil Procedure 72, see *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008), the Court must review Judge Bloom's R&R *de novo*. It is well settled that only a *defendant* in a state court action may remove that action under 28 U.S.C. §§ 1441 and 1446. *See, e.g.*, 28 U.S.C. § 1446(a) (setting forth procedures for removal by a "defendant or defendants"); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 132 n.4 (2d Cir. 2006) (only a defendant may remove an action under 28 U.S.C. § 1446); *Franklin Nat'l Bank Sec. Litig. v. Andersen*, 532 F.2d 842, 846 (2d Cir. 1976) (same).

Even in the absence of Judge Bloom's R&R, this Court would need to confront the question of subject matter jurisdiction, as a district court has an unflagging duty to raise the issue *sua sponte* whenever jurisdiction appears to be lacking. *See, e.g.*, *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006). Citigroup principally argues that this case cannot be remanded *sua sponte* because the removal of this action by a non-party is, at most, a "procedural defect" that cannot be raised more than 30 days after the Notice of Removal was filed. The Court disagrees.

The weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party. *See, e.g.*, *Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (where removal is initiated by a non-party, the district court is without subject matter jurisdiction); *Jenkins-Dyer v. Exxon Mobil Corp.*, No. 08-2095-KHV, 2008 U.S. Dist. LEXIS 58547, at *6; 2008 WL 2858983, at *2 (D. Kan. July 24, 2008) (same); *Sheppard v. Sheppard*, 481 F. Supp. 2d 345, 347-48 (D.N.J. 2007) (same); *Blackmon v. Conecuh County DHR*, No. 98-0220-P-S, 1998 U.S. Dist. LEXIS 7387, at *6 (S.D. Ala. Mar. 17, 1998) (same); see also *JRA Holding, Inc. v. McCleary*, No. 95-7702, 1996 U.S. App. LEXIS 2910, at *3; 1996 WL 80692, at *1 (2d Cir. Feb. 20, 1996) (unpublished) (removal by a non-party "was improvident and *without jurisdiction*" (emphasis added)).

In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446. Where, as here, a non-party purports to remove a state court action to federal court, such removal is "improvident and without jurisdiction." *JRA Holding*, 1996 U.S. App. LEXIS 2910, at *3; 1996 WL 80692, at *1.[1] In this case, it is clear that MetLife was not a party to the state court action it purported to remove. Accordingly, this action must be remanded to the court from which it was improperly removed.[2]

## CONCLUSION

For the reasons set forth above, this action is REMANDED to state court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction. The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff; mail a certified copy of this Order to the Clerk of the Civil Court of the City of New York, Small Claims Part; and close the case.

SO ORDERED.

Dated: Brooklyn, New York
June 17, 2009

s/Hon. Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] To the extent that *Am. Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296 (S.D.N.Y. 1999), holds otherwise, the Court is unpersuaded by that case and declines to follow it.
[2] As a final matter, the Court rejects Citigroup's contention (see Docket No. 17 at 8) that Juliano's filing entitled "Amended Claims" (Docket No. 7) provides an independent basis for removal. Because this Court lacks subject matter jurisdiction, Juliano's attempt to file an amended pleading in this Court is a nullity.

3